KHS

(44)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-794 |
| RAYMOND HORSCH | : | |

FILED
JUL 5 2012
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

GOVERNMENT'S AMENDED MOTION FOR DEPARTURE FROM GUIDELINE RANGE AND MANDATORY MINIMUM SENTENCE AND GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Elizabeth Abrams, Assistant United States Attorney for the District, hereby files a motion, pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), based upon substantial assistance in the investigation and prosecution of other persons. In support of this motion, the government submits this memorandum.

1. Upon motion of the government, the court shall have the authority to impose a sentence below an otherwise applicable statutory mandatory minimum sentence, to reflect a defendant's substantial assistance to authorities. 18 U.S.C. § 3553(e). Further, the Court has the authority to sentence the defendant below the range recommended in the Sentencing Guidelines. U.S.S.G. § 5K1.1.

2. Defendant Raymond Horsch was arrested in July 2009 for growing marijuana in his basement. He also possessed firearms in furtherance of drug trafficking, including two sawed-off shotguns. The defendant pled guilty to Counts Two, Three and Four of the superseding indictment, charging him with possession of more than 100 marijuana plants, with intent to distribute, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon.

3. The Probation Office calculated the defendant's offense level and criminal history category as 17/III, yielding an advisory range of 30-37 months, absent mandatory minimum sentences. Count Two (possession with intent to distribute 100 or more marijuana plants) carries a ten-year mandatory minimum sentence, and Count Three (possession of a sawed off shotgun in furtherance of drug trafficking) carries a consecutive mandatory minimum ten-year sentence, making the effective guideline calculation a significantly higher mandatory 240 months imprisonment.

4. The government moves for relief from the recommended guideline range and the mandatory minimum

sentences on Counts Two and Three, based on the defendant's substantial assistance in the investigation of others. The factors listed in Section 5K1.1(a) are also appropriate considerations for deciding a motion brought under Section 3553(e). Melendez v. United States, 518 U.S. 120, 129 (1996) (Section 5K1.1(a) is an appropriate guide for reviewing a government motion for a sentence below the mandatory minimum).

5. In United States v. Torres, 251 F.3d 138 (3d Cir. 2001), the Court stated:

> We strongly urge sentencing judges to make specific findings regarding each factor and articulate thoroughly whether and how they used any proffered evidence to reach their decision. In sum, it is incumbent upon a sentencing judge not only to conduct an individualized examination of the defendant's substantial assistance, but also to acknowledge § 5K1.1's factors in his or her analysis.

In this case, the relevant factors are as follows:

a. Nature of assistance. Section 5K1.1 lists as a relevant factor "the nature and extent of the defendant's assistance." In this case, the defendant came forward with information about serious criminal conduct of others, and debriefed agents fully. The information involved crimes

against minors, including child prostitution, marijuana and cocaine trafficking, and fraud.

b. Significance of cooperation. Section 5K1.1 lists as a relevant factor "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered." In this case, the information provided by the defendant regarding marijuana trafficking and crimes against children was investigated and deemed credible and reliable; however, regarding the crimes against children, because of the age of the information and the guarded contacts between the defendant and the targets, the agents could not identify the targets with sufficient specificity to further an investigation. With regard to information provided by the defendant concerning individuals engaged in drug trafficking, by the time the defendant came into federal custody, the information was dated, and therefore had limited use, although it was deemed reliable. With regard to fraud, however, the information was specific to persons in federal custody against whom charges were pending. The information was

provided to prosecutors involved in those cases, and deemed helpful for intelligence purposes.

c. Reliability of information. Section 5K1.1 lists as a relevant factor "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." In this case, agents found the information provided by the defendant to be truthful and reliable. The information also appeared complete. As set forth above, however, the defendant's knowledge and information, although helpful in some instances, was not sufficient to permit the prosecution of others.

d. Danger to defendant. Section 5K1.1 lists as a relevant factor "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." In this case, the government is not aware of any specific threats to the defendant; however, the crimes about which he provided information, including child prostitution and trafficking, and drug trafficking, are extremely serious crimes frequently associated with violence. Defendant's status as a person willing to

cooperate with authorities has placed him at some current and future risk of harm or harassment.

e. Timeliness. Section 5K1.1 lists as a relevant factor "the timeliness of the defendant's assistance." In this case, the defendant began cooperating shortly after coming into federal custody.

f. Other factors. Other relevant factors include the nature of the defendant's offense and its impact on victims. In this case, the defendant's crimes did not have specific victims, and there is no information known to the government that the defendant had criminal involvement in the serious crimes against minors about which he had some knowledge.

For these reasons, the government respectfully files this motion in support of a departure below the mandatory minimum sentence for Counts Two and Three, and below the recommended guideline sentence, which, by nature of the higher mandatory sentence, is in fact the same, based upon the defendant's substantial assistance in the investigation of other persons.

SENTENCING CONSIDERATIONS

Defendant Horsch committed serious crimes, growing marijuana in his basement for profit, while in possession of two sawed-off shotguns in furtherance of that crime. In addition, as a previously convicted felon, Horsch was legally prohibited from possessing any gun, much less these weapons, which cannot be held by anyone in the United States, unless registered pursuant to the National Firearms Act.

A. Statutory Maximum Sentence

Count Two, possession with intent to distribute more than 100 marijuana plants, a Class A felony, lifetime imprisonment, a mandatory minimum 10-year prison sentence, a mandatory minimum 8-year period of supervised release up to lifetime supervised release, a $4,000,000 fine, and a $100 special assessment.

Count Three, possession of short-barreled shotguns in furtherance of a drug trafficking crime, a Class A felony, lifetime imprisonment, with a mandatory minimum 10 years imprisonment to run consecutive to any other sentence

imposed, a 5-year period of supervised release, a $250,000 fine and a $100 special assessment.

Count Four, possession of a firearm by a convicted felon, a Class C felony, 10 years imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment

Total Maximum and Mandatory Minimum Sentence: lifetime imprisonment, 20 years mandatory minimum imprisonment, a mandatory minimum eight years supervised release up to a lifetime of supervised release, a $4,500,000 fine and a $300 special assessment. Forfeiture of any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of a drug trafficking offense also may be ordered. Probation is not available.

B. Sentencing Guidelines Calculation

The Probation Office calculated the defendant's advisory guideline range as 17, with a Criminal History 4 points, Level III. Since the time of that calculation, however, one of the defendant's convictions in the Philadelphia Municipal Court was overturned, and the counts

of conviction were nolle prossed in the Court of Common Pleas. The defendant's criminal history category is therefore Level I, as he has one criminal history point. The guidelines recommend 24-30 months incarceration for offenders at 17/I, however, because of the higher mandatory minimum sentences applicable here, the guideline range is the mandatory minimum sentence of 240 months.

C. Section 3553(a) Factors

This Court must consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant was engaged in illegal drug manufacturing at his home, and possessed two sawed-off shotguns in furtherance of that activity, even though he was prohibited from possessing any kind of gun. The defendant's crimes are serious.

The defendant has a long history of criminal conduct. Although most of his convictions are well in the past, the defendant's involvement in crime is longstanding. The defendant possesses skills and intelligence far beyond those of most defendants who turn to crime. While the defendant apparently applied his skills to some lawful pursuits, he remained involved in criminal activity.

The government is not aware of any special requirements the defendant may have for additional vocational training or other correctional treatment, other than necessary medical care.

The defendant's age is not itself a consideration for the Court, however, the need for specific deterrence is lessened for the defendant as a consequence of his age. The defendant's sentence for gun and drug crimes, however, must carry a component of deterrence to the general public.

The guidelines recommend imprisonment for the defendant for 240 months, as discussed above. A sentence below that recommendation, as advocated by the government, would nevertheless allow the Court to fashion a sentence that gives appropriate weight to the guidelines and the policies incorporated therein, including the policy of mitigating sentences for those who offer substantial assistance to the government. Any disparity in sentence with similar, but non-cooperating, defendants would be warranted, and in keeping with the consideration afforded to defendants who render assistance to authorities.

In this case, the sentencing guideline recommendation is, as discussed, based on the mandatory minimum sentences, and not the usual calculation of offense level and criminal history category. Reference to the sentencing table is nonetheless helpful, to consider the

scale of any downward departure granted by the Court in comparison to defendants facing similar guideline ranges Offense level 37 at criminal history category I includes the recommended 240 month sentence. The government seeks a downward departure proportional to a 6-level departure from that range, and believes that a sentence within the range of 108-135 months would be an appropriate sentence, accounting for the 3553(a) factors.

Finally, the defendant's offenses do not require restitution.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

KATHY A. STARK
Assistant United States Attorney
Section Chief, Violent Crimes
and Firearms

ELIZABETH ABRAMS
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Amended Motion for Departure from Guideline Sentencing Range and Mandatory Minimum and Government's Sentencing Memorandum has been served via facsimile upon:

Jerome M. Brown, Esquire
Law Offices of Jerome M. Brown
8 Penn Center, Suite 1000
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
fax: (215) 751-9739

ELIZABETH ABRAMS
Assistant United States Attorney

DATED: June 21, 2012

FILED
JUL 5 2012
MICHAEL E. KUNZ, Clerk
By______ Dep. Clerk