**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND HORSCH | No. 2:09-cr-00794 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE PHILADELPHIA INQUIRER, LLC'S**
**MOTION FOR ACCESS TO RECORDS**

The Philadelphia Inquirer, LLC ("The Inquirer") publishes *The Philadelphia Inquirer* print newspaper and inquirer.com. In recent months, there has been extensive law enforcement activity relating to Raymond Horsch—the now-deceased former resident of what has become known as the Olney "house of horrors." As part of its coverage of this ongoing story of great public interest, The Inquirer has been investigating Horsch's past intersections with the criminal justice system. This drugs-and-weapons case is one such past intersection. Multiple docket entries and hearing transcripts, however, are sealed or otherwise inaccessible, including "motion[s]", "order[s]," "plea document[s]", "judicial document[s]," and "sentencing document[s]" at docket entries 13, 17, 18, 21, 27, 28, 29, 37, 42, 43, 44, and 45, and transcripts of the January 10, 2011, plea hearing and the June 28, 2012, sentencing hearing referenced in entries 26 and 40. The Inquirer now moves for access to all such records under the First Amendment and the common law.

Both the First Amendment and common law provide a general presumptive right of public access to judicial proceedings and records. *See, e.g.*, *United States v. Wecht*, 484 F.3d 194, 207-08 (3d Cir. 2007) (common law); *United States v. Simone*, 14 F.3d 833, 837-40 (3d Cir. 1994) (First Amendment); *United States v. Antar*, 38 F.3d 1348, 1358-91 (3d Cir. 1994) (both). This long-standing tradition of openness is crucial to the functioning of our democratic society, as it

"promotes public confidence in the judicial system, diminishes possibilities for injustice, incompetence, perjury, and fraud, and provided the public with a more complete understanding of the judicial system and promotes the public perception of fairness." *Wecht*, 484 F.3d at 204 (internal quotation marks and brackets omitted). And while the public right of access applies to civil cases as well, there is a "particularly 'vital interest' in access to judicial records in criminal cases due to the need for public oversight of the process by which the government investigates and prosecutes its citizens." *United States v. Konrad*, No. 11-15, 2011 U.S. Dist. LEXIS 43206, at *24 (E.D. Pa. Apr. 19, 2011) (quoting *Wecht*, 484 F.3d at 210).

Crucially, the right of access—be it grounded in the First Amendment or the common law—applies not just to the trial itself, but also to records and proceedings throughout the life of a criminal case. *See, e.g.*, *United States. v. Keonna Thomas Philly Declaration, L.L.C.*, 905 F.3d 276, 282 (3d Cir. 2018) (applying right of access "to plea hearings and, by extension, to documents related to those hearings"); *Simone*, 14 F.3d at 837-42 (applying right of access to post-trial hearings regarding alleged juror misconduct; *United States v. Criden*, 675 F.2d 550, 552 (3d Cir. 1982) (applying right of access to pretrial suppression, due process, and entrapment hearings); *United States v. Gaffar*, No. 1:20-cr-00392-JDW, 2021 U.S. Dist. LEXIS 194684, at *2 (E.D. Pa. Oct. 8, 2021) (applying right of access to "sentencing memoranda and transcripts").

While the right of access is presumptive, not absolute, the presumption is a strong one that can only be overcome if the court determines that there is a countervailing interest substantial enough to outweigh the inherent value of openness. Specifically, under the First Amendment, the court "must make 'particularized findings . . . on the record in each case, (1) establishing the existing of a compelling government interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired.'" *Keonna Thomas*,

905 F.3d at 282-83 (quoting *Antar*, 38 F.3d at 1359). Similarly, under the common law, the court "must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019) (internal quotation marks and brackets omitted).

Here, the "motion[s]", "order[s]," "plea document[s]", "judicial document[s]," and "sentencing document[s]" contained at docket entries 13, 17, 18, 21, 27, 28, 29, 37, 42, 43, 44, and 45, and the transcripts of the plea and sentencing hearings referenced in entries 26 and 40, are subject to a presumptive right of access. Each of these records, however, is either sealed or has otherwise been made inaccessible to the public. And The Inquirer is not aware of any countervailing interest weighty enough to justify denying access to any records in this case—let alone aware of any specific findings by the Court to that effect. Therefore, the Court should issue an order making all docket entries and hearing transcripts in this case publicly accessible and unsealing any docket entries, transcripts, or other records that are currently sealed.

**STAPLETON SEGAL COCHRAN LLC**

October 5, 2026

By: /s/ *Eli Segal*
Eli Segal (PA ID 205845)
1760 Market Street, Suite 403
Philadelphia, PA 19103215.402.6555
esegal@stapletonsegal.com
*Attorneys for The Philadelphia Inquirer, LLC*